# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

In re:                                      §
                                            §
AVANZO, FRANK A                             §        Case No. 12-19435 PSH
                                            §
                    Debtor(s)               §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter       of the United States Bankruptcy Code was filed on
      .  The case was converted to one under Chapter 7 on               .  The
undersigned trustee was appointed on               .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

Funds were disbursed in the following amounts:

Payments made under an interim
disbursement
Administrative expenses
Bank service fees
Other payments to creditors
Non-estate funds paid to 3rd Parties
Exemptions paid to the debtor
Other payments to the debtor

Leaving a balance on hand of[1]                    $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) (Page: 1)

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was               and the deadline for filing governmental claims was               . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $              .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $              , for a total compensation of $          [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $        , for total expenses of $          [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____      By:/s/Joseph A. Baldi, Trustee_____
                                                      Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page:   1

Exhibit A

| Case No: | 12-19435 | Judge: Pamela S. Hollis |
|---|---|---|
| Case Name: | AVANZO, FRANK A | |

For Period Ending:  07/24/13

| Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|
| Date Filed (f) or Converted (c): | 07/20/12 (c) |
| 341(a) Meeting Date: | 08/23/12 |
| Claims Bar Date: | 11/27/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single family home | 178,400.00 | 108,000.00 | | 108,000.00 | FA |
| 8803 Beechnut Rd., Hickory Hills, IL--Debtor is beneficiary of land trust | | | | | |
| Trustee settled with Debtor, per court order 5/14/13, for sale of Estate's right, title and interest in the real property | | | | | |
| 2. CASH | 100.00 | 0.00 | | 0.00 | FA |
| 3. Brokerage accounts and mutual funds-Vanguard | 30,224.00 | 59,124.60 | | 59,124.60 | FA |
| jointly owned with non-filing spouse | | | | | |
| Trustee believed the joint ownership claimed by non-filing spouse was fraudulent transfered; Trustee and Debtor settled such that estate recovered nearly 60% of the value of the transfered interest in the brokerage account | | | | | |
| 4. Checking, Savings Accounts | 1,127.00 | 0.00 | | 0.00 | FA |
| Standard Bank | | | | | |
| 5. Checking, Savings Accounts | 5,100.00 | 0.00 | | 0.00 | FA |
| Charter One | | | | | |
| 6. HOUSEHOLD GOODS | 250.00 | 0.00 | | 0.00 | FA |
| 7. Wearing Apparel | 250.00 | 0.00 | | 0.00 | FA |
| 8. Insurance Policies | 8,100.00 | 0.00 | | 0.00 | FA |
| 9. Goss International 401k | 42,099.00 | 0.00 | | 0.00 | FA |
| 10. Primerica IRA | 553,609.00 | 0.00 | | 0.00 | FA |
| 11. Interest in L&M Trade Bindery LLC | 0.00 | 0.00 | | 0.00 | FA |
| 12. 2000 Ford Crown Victoria | 2,000.00 | 0.00 | | 0.00 | FA |
| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $821,259.00 | $167,124.60 | | $167,124.60 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| | | | |
|---|---|---|---|
| Case No: | 12-19435 | Judge: Pamela S. Hollis | |
| Case Name: | AVANZO, FRANK A | | |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi, Trustee |
| Date Filed (f) or Converted (c): | 07/20/12 (c) |
| 341(a) Meeting Date: | 08/23/12 |
| Claims Bar Date: | 11/27/12 |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Pursuant to court order, Trustee sold equity in home back to Debtor; Trustee collected non-exempt proceeds from

brokerage account; Trustee's accountant prepared estate tax returns; Trustee has reviewed claims; Trustee prepared TFR

Initial Projected Date of Final Report (TFR): 12/31/13     Current Projected Date of Final Report (TFR): 12/31/13

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

FORM 2

Page: 1

Exhibit B

| Case No: | 12-19435 -PSH | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | AVANZO, FRANK A | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******8415 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******5751 | | |
| For Period Ending: | 07/24/13 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/25/12 | 3 | FRANK A AVANZO 8803 Beechnut Road Hickory Hills, IL 60457-1217 | TURNOVER OF BANK FUNDS | 1129-000 | 47,124.60 | | 47,124.60 |
| 11/26/12 | 001001 | DAVID L DUBOIS D.L. Dubois & Associates, Ltd. 9701 S 78th Avenue Suite 201 Hickory Hills, IL 60457 | APPRAISER'S FEES Fees alllowed per court order entered NOvember 20, 2012 | 3711-000 | | 400.00 | 46,724.60 |
| 02/07/13 | 001002 | International Sureties 701 Poydras Street #420 New Orleans, LA 70139 | Bond Premium Payment BOND # 016026455 | 2300-000 | | 37.70 | 46,686.90 |
| * 03/11/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee TCMS would not allow me to enter an adjustment date more than 30 days old. Therefore, I entered 3/11/13 as the date of adjustment. The actual date of adjustment which is reflected on the bank statements is 3/08/13. ~JMM 4.10.13 | 2600-003 | 44.79 | | 46,731.69 |
| 03/11/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee TCMS would not allow me to enter an adjustment date more than 30 days old. Therefore, I entered 3/11/13 as the date of adjustment. The actual date of adjustment which is reflected on the bank statements is 3/08/13. ~JMM 4.10.13 | 2600-000 | | 44.79 | 46,686.90 |
| * 04/10/13 | | Reverses Adjustment IN on 03/11/13 | Monthly Bank Service Fee Supposed to be a subtraction, not an addition ~JMM 4.10.13 | 2600-003 | -44.79 | | 46,642.11 |
| 04/22/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee | 2600-000 | | 49.53 | 46,592.58 |
| 05/06/13 | 1, 3 | FRANK A AVANZO | SETTLEMENT | | 120,000.00 | | 166,592.58 |

Page:    2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 12-19435  -PSH |
| Case Name: | AVANZO, FRANK A |
| Taxpayer ID No: | *******5751 |
| For Period Ending: | 07/24/13 |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi, Trustee |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******8415  Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | 8803 Beechnut Road Hickory Hills, IL 60457-1217 | | | | | |
| | | FRANK AVANZO | Memo Amount:        12,000.00 | 1129-000 | | | |
| | | | TURNOVER OF BANK FUNDS-settlement | | | | |
| | | FRANK AVANZO | Memo Amount:       108,000.00 | 1110-000 | | | |
| | | | equity in residence-settlement | | | | |
| 05/22/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee Bank Service Fee actually was debited from account on May 9, 2013. TCMS would not allow me to enter the May 9th date due to it being over 30 days. 6/21/13 ~JMM | 2600-000 | | 47.90 | 166,544.68 |
| 06/09/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee The date of adjustment 6/9/13 actually occurred on 6/4/13 but TCMS will not allow us to back date it more than 30 days. Therefore, I used the 6/9/13 as the date of adjustment. ~JMM 7.9.13 | 2600-000 | | 152.17 | 166,392.51 |
| 07/05/13 | | CONGRESSIONAL BANK 6500 Rock Spring Drive, Suite 300 Bethesda, MD 20817 | Monthly Bank Service Fee | 2600-000 | | 170.97 | 166,221.54 |

| | | |
|---|---|---|
| Memo Allocation Receipts: | 120,000.00 | |
| Memo Allocation Disbursements: | 0.00 | |
| Memo Allocation Net: | 120,000.00 | |

| Account  *******8415 | | | | | |
|---|---|---|---|---|---|
| | | Balance Forward | 0.00 | | |
| 2 | Deposits | 167,124.60 | | 2 | Checks | 437.70 |
| 0 | Interest Postings | 0.00 | | 5 | Adjustments Out | 465.36 |
| | Subtotal | $  167,124.60 | | 0 | Transfers Out | 0.00 |
| 2 | Adjustments In | 0.00 | | | Total | $  903.06 |
| 0 | Transfers In | 0.00 | | | | |
| | Total | $  167,124.60 | | | | |

Ver: 17.02d

FORM 2                                                                                          Page:    3

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**                                               Exhibit B

| | | |
|---|---|---|
| Case No: | 12-19435  -PSH | |
| Case Name: | AVANZO, FRANK A | |
| Taxpayer ID No: | *******5751 | |
| For Period Ending: | 07/24/13 | |

| | |
|---|---|
| Trustee Name: | Joseph A. Baldi, Trustee |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******8415  Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $  5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | Date: July 24, 2013 | |
|---|---|---|---|---|---|---|

Case Number:    12-19435  
Debtor Name:    AVANZO, FRANK A

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3410-00 | Popowcer Katten, Ltd. | Administrative | | $936.00 | $0.00 | $936.00 |
| 001<br>3110-00 | Baldi Berg & Wallace, Ltd. | Administrative | | $4,874.82 | $0.00 | $4,874.82 |
| 001<br>2100-00 | Joseph A. Baldi, Trustee | Administrative | | $11,606.23 | $0.00 | $11,606.23 |
| | Subtotal for Priority 001 | | | $17,417.05 | $0.00 | $17,417.05 |
| 000001<br>070<br>7100-00 | U.S. Small Business Administration<br>500 W. Madison Street<br>c/o Mary Cvengros<br>Chicago, IL 60661 | Unsecured | (1-1) Modified to correct creditor's name/address. (Modified on 7/13/12) | $879,862.77 | $0.00 | $879,862.77 |
| | Subtotal for Priority 070 | | | $879,862.77 | $0.00 | $879,862.77 |
| | Case Totals: | | | $897,279.82 | $0.00 | $897,279.82 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-19435 PSH
Case Name: AVANZO, FRANK A
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand                                   $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Attorney for Trustee Expenses: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                             $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $                have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be           percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | U.S. Small Business Administration | $ | $ | $ |

Total to be paid to timely general unsecured creditors            $_____

Remaining Balance                                          $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE